UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16 CR 20 CDP |
| | ) |
| MICHAEL MIMLITZ, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S OBJECTION TO THE PRESENTENCE REPORT**

The United States of America, pursuant to Fed. R. Crim. Proc. 32(f)(1)-(2), for its objection to the Presentence Investigation Report ("PSR"), states as follows:

1. The Government objects to the Presentence Report ("PSR") at ¶ 30 because it uses a 6 level adjustment under U.S.S.G. § 2B1(b)(1)(D), finding defendant's gain from the offense to be $64,124. The Government argues that 8 levels should be added under U.S.S.G. § 2B1(b)(1)(E) because defendants' patients lost and defendant gained gross proceeds from the offense of $119,234, as $119,234 is the total amount paid by all of defendant's patients to defendant's clinic for Human Growth Hormone ("HGH") and related medical services. PSR, ¶ 19; Plea Agreement, p. 4.

2. Using the gross amount that defendant received for his illegal HGH sales (namely $119,234, the total amount of payments that defendant received from various local patients, PSR, ¶ 21) instead of the PSR's approach, which uses just the profits of defendant's clinic (namely $64,142, calculated by subtracting all of defendant's drug acquisition payments to the Mexican HGH vendor to acquire the HGH used with his patients from $119,234, PSR, ¶ 21) is proper for the following reasons. Since all of the HGH distributed by defendant was unapproved by the

U.S. Food and Drug Administration and misbranded (PSR, ¶ 19), no credits or deductions against the gross amount for clinic overhead, drug acquisition costs, post-search warrant patient refunds, or profit distributions to other clinic managers are warranted.  *United States v Milstein*, 401 F.3d 53, 74 (2d Cir 2005) (using total sale proceeds of misbranded prescription drugs received by all conspirators as the loss in misbranding case with no credits against the total proceeds for any value of products received by the patients or profits taken by other conspirators); *United States v. Marcus*, 82 F.3d 606, 609 (4th Cir. 1996) (unapproved drugs that do not meet FDA specifications have unknown safety and effectiveness and therefore no value, meaning no credits should be applied against gross drug sales for sentencing purposes); *see also* Application Notes 3(F)(v)(iii) and 3(E)(i) to U.S.S.G. § 2B1.1.  If ultimately accepted by the Court, the Government's gain/loss approach creates an adjusted offense level of 13, not 12. PSR, ¶¶ 75, 37.

    3.    As discussed above, the PSR raises primarily an issue of law: is the loss or gain in the context of this case calculated using the gross gain of the offense, or are some credits and reductions against the total payments received by defendant possible?  Since the plea agreement and PSR establish without objection defendant's gross gain, as well as defendant's HGH acquisition costs and corresponding clinic profit, the Government does not believe that testimony at sentencing to establish these numerical amounts from the Government is necessary.  However, the Government provides formal notice that it may call FDA Special Agent Troy Terbrock at sentencing to further discuss these factual issues if the Court has specific calculation questions.  Special Agent Terbrock, if he testified at sentencing, would likely rely on a chart that summarizes clinic bank records showing patients' payments to defendant and defendants' HGH

2

acquisition transactions, and perhaps the underlying bank records and patient payment records, all of which have previously been provided to the defendant before sentencing.

WHEREFORE, the Government respectfully requests that the Court sustain the Government's objection, find that the offense should be increased by 8 levels not 6 levels under U.S.S.G. § 2B1(b)(1)(E), calculate defendant's total offense level as 13 not 12, and grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        RICHARD G. CALLAHAN
        United States Attorney

        __/s/ Andrew J. Lay_____
        Andrew J. Lay  #39937MO
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri  63102
        (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    counsel for defendant

        /s/ AUSA Andrew J. Lay