UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:16 CR 20  CDP |
| | ) |
| Michael E. Mimlitz, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OBJECTION
TO THE PRESENTENCE REPORT**

Comes now Michael E. Mimlitz, through his counsel, and respectfully submits the following information for the Court's consideration related to the Government's Objection to the Presentence Report.

1. As the Court is aware, the Plea Agreement set out a disagreement between the parties as to the calculation of the dollar amount of any loss or gain attributable to the offense. The Government suggested that "8 levels should be added because defendant's patients lost and defendant gained more than $95,000 but less than $150,000 from the offense," and the Defendant suggested that "4 levels should be added because defendant's patients lost and defendant gained more than $15,000 but less than $40,000 from the offense."

2. The United States Probation Office determined that "defendant's conduct resulted in a loss to some MMI patients, who purchased misbranded HGH; however, the loss cannot reasonably be determined; therefore, the defendant's gain is used. As the estimated gain

is $64,124, which is more than $40,000 but less than $95,000, six-levels are added. USSG §2B1.1(b)(1)(D) and Application Note 3(B)."

    3. Counsel for Defendant spoke with the Probation Office regarding some minor corrections which need to be addressed in the Presentence Report. Defense counsel and the Probation Office also discussed the loss/gain calculation and Defense counsel was informed that the Probation Office had been informed that the Government was not interested in objecting to the Probation Office's determination and Guidelines calculation unless Defendant intended on objecting. Defense counsel informed Probation it did not intend on objecting to the Guidelines calculation and assumed the Government would be taking the same position. (Admittedly, this assumption was only based on a conversation with Probation, not a conversation with the Government).

    4. Defendant believes that the Government does not have sufficient evidence to support its calculation. Moreover, the Government's argument ignores that Dr. Mimlitz was not merely facilitating the provision of HGH to his patients. The fees charged each patient also covered the initial assessment and testing of the patient, monitoring of the patients, and any related care needed to be provided. Therefore, the Government's argument is factually and legally incorrect. Notwithstanding the Government's objection to the calculation in the Presentence Report, Defendant continues to accept the calculation by Probation as reasonable.

    Respectfully Submitted,

    DOWD BENNETT LLP

    By: */s/ James G. Martin*
    James G. Martin #33586MO
    Edward L. Dowd, Jr. #28785MO

                                                            7733 Forsyth Blvd., Suite 1900
                                                            St. Louis, MO 63105
                                                            314/889-7300 (Telephone)
                                                            314/863-2111 (Facsimile)
                                                            jmartin@dowdbennett.com
                                                            edowd@dowdbennett.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

                                                                     */s/ James G. Martin*